UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 8:13-2880-TLW-JDA |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) of |
| | ) Magistrate Judge |
| Judge Matthew R. Hawley; | ) |
| Mr. Hyatt, *Officer of Greenville Police Department*; | ) |
| Judge Pamela Fulbright, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is an inmate at the Greenville County Detention Center. The Greenville County Detention Center website (http://app.greenvillecounty.org/inmate_search.htm, last visited on Oct. 25, 2013) indicates that Plaintiff was convicted, in the Municipal Court for the City of Greenville, of disorderly conduct, and was on October 9, 2013, "[s]entenced to a fine of $500 or 30 Days (Concurrent)" by Judge Fulbright. Plaintiff has named as Defendants two municipal judges for the City of Greenville and a Police Officer for the City of Greenville.

Plaintiff alleges or contends: *(1)* this federal court has jurisdiction over Plaintiff's civil rights claims [Doc. 1 at 3]; *(2)* the municipal court lacked subject matter jurisdiction to convict Plaintiff of disorderly conduct [*Id.*]; *(3)* Judge Hawley was the assigned trial judge; and *(4)* Plaintiff is suing Defendants in their personal capacities because they violated Plaintiff's Fifth Amendment rights [*Id.* at 4]. In his prayer for relief, Plaintiff seeks release

from confinement and discovery with respect to municipal court files and records [*Id.* at 5]. Appended to the Complaint are sixty-one pages, wherein Plaintiff lists various state court docket or warrant numbers and contends that Defendants have violated the Double Jeopardy Clause [Doc. 1-1 at 1–60]. Included among the sixty-one pages is what appears to be page 2 of a Section 1983 Complaint from a prior civil action filed by Plaintiff in this Court [*Id.* at 61].

## *Discussion*

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a

federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

>and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint concerns matters pertaining his municipal court conviction for disorderly conduct, for which Plaintiff is currently serving a sentence of thirty (30) days in the Greenville County Detention Center. The numerous pages appended to the Complaint also indicate that Plaintiff is attempting to challenge his prior drug-related convictions entered in 2004 in the Court of General Sessions for Greenville County. However, until the Plaintiff's convictions are set aside, any non-habeas civil action based on the convictions and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging

4

underlying criminal conviction are barred by *Heck*). Plaintiff has neither alleged nor demonstrated that his underlying convictions or sentences have been invalidated; thus, this action is barred by *Heck*. *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**Judge Hawley and Judge Fulbright are immune from suit**

Judge Matthew Hawley and Judge Pamela Fulbright are municipal judges for the City of Greenville. County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In re Hughes*, 392 S.C. 476, 710 S.E.2d 75, 75–76 (2011). Insofar as Plaintiff is bringing suit against Judge Hawley and Judge Fulbright for their actions and rulings in Plaintiff's criminal cases, Judge Hawley and Judge Fulbright are immune from suit because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *cf. Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**Plaintiff's remedy lies in habeas corpus**

Plaintiff cannot obtain release from jail in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page.**

                                          s/ Jacquelyn D. Austin
                                          United States Magistrate Judge

October 28, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).